IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN HALL and MONICA M. BAHENA          :

                                      :

    v.                                  :   Civil Action No. DKC 25-366

                                      :

CAMDEN DEVELOPMENT, INC.                :

                                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer protection case is the combined motion for remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) and to vacate dismissal filed by John Hall and Monica Bahena ("Plaintiffs"). (ECF No. 23). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for remand for lack of subject matter jurisdiction will be granted, and the motion to vacate dismissal will be granted.

I. **Background**

The factual background of this case is described in detail in the court's September 24, 2025, memorandum opinion, (ECF No. 21, at 2-7), and does not require wholesale repetition here. It is important, however, that this case was initially filed in the Circuit Court for Prince George's County, Maryland, (ECF Nos. 1 ¶ 1; 1-1; 4); Defendant removed the case to federal court under 28

U.S.C. §§ 1441 and 1453, (ECF No. 1, at 1), asserting diversity jurisdiction and jurisdiction under the Class Action Fairness Act, (ECF No. 1 ¶¶ 5, 25).  The court, *sua sponte*, dismissed without prejudice Plaintiffs' complaint for lack of standing.  (ECF No. 22 ¶ 1).  Plaintiffs were given twenty-one days to file a motion for leave to amend their complaint "if they believe they can correct the jurisdictional deficiencies."  (ECF Nos. 21, at 19; 22 ¶ 4).

On September 29, Plaintiffs filed a motion for remand for lack of subject matter jurisdiction and to vacate dismissal.  (ECF No. 23).  Plaintiffs contend that the court should have remanded, rather than dismissed, the action, because § 1447(c) contemplates only remand.  (*Id.* at 2-3).  On October 14, Defendant filed its opposition.  (ECF No. 24).  Defendant responds that Plaintiffs' motion for remand was premature because Plaintiffs' deadline to move for leave to amend their complaint had not yet passed, and that vacatur is unnecessary.  (*Id.* at 2-3).  On October 15, the final day within the court's deadline to move for leave to amend, Plaintiffs filed their reply.  (ECF No. 25).  In their reply, Plaintiffs state that they decline to move for leave to amend and still seek remand and vacatur, though they now believe vacatur is discretionary.  (*Id.* at 2-3).  While Defendant was correct on October 14 that Plaintiffs' motion was premature at the time, it is ripe for resolution now given that the court-imposed deadline has passed.

**II. Analysis**

    **A.   Remand**

28 U.S.C. § 1447(c) instructs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The Supreme Court of the United States has repeatedly declared that standing is a jurisdictional requirement in Article III courts.  For example, this past term the Supreme Court explained that "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' . . . A proper case or controversy exists only when at least one plaintiff 'establish[es] that [she] ha[s] standing to sue.'"  *Murthy v. Missouri*, 603 U.S. 43, 56–57 (2024) (alterations in original) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)) (citing *Dep't of Com. v. New York*, 588 U.S. 752, 766 (2019)).  Accordingly, when the plaintiffs in an action lack standing to sue, the court lacks subject matter jurisdiction over the action and is required to remand the case to the state court in which the case was originally filed.  *Me. Ass'n of Interdependent Neighborhoods v. Com'r, Me. Dep't of Hum. Servs.*, 876 F.2d 1051, 1054–56 (1st Cir. 1989) [*M.A.I.N.*] (Breyer, J.) (remanding case to state court under § 1447(c) for lack of standing); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896–97 (7th Cir. 2018) (same); *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("We also take note . .

3

. of 'the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action.' (citation modified)). There is no futility exception to § 1447(c) remand. *Roach v. W.Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) ("[T]he futility of a remand to . . . state court does not provide an exception to the plain meaning of § 1447(c)." (citation modified)); *Wells v. Johnson*, 150 F.4th 289, 308 (4th Cir. 2025) (reiterating *Roach*); *see also Int'l Primate Prot. League*, 500 U.S. at 88–89 (suggesting that there is no futility exception to § 1447(c) remand when the jurisdictional deficiency is a lack of Article III standing).

Plaintiffs are correct that remand is the proper course. Because the court lacks subject matter jurisdiction due to Plaintiffs' lack of standing, § 1447(c) commands remand. There is no futility exception to § 1447(c) remand, *Roach*, 74 F.3d at 49; in any event, remand for lack of Article III standing is not futile because federal standing doctrine does not apply in Maryland state court, *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("We have recognized often that the constraints of Article III do not apply to state courts[.]"); *Int'l Primate Prot. League*, 500 U.S. at 88–89 ("[P]laintiff's lack of Article III standing would not necessarily defeat its standing in state court."); *Nefedro v. Montgomery County*, 414 Md. 585, 592 n.3 (2010) (noting that Article III standing doctrine "is not applicable to state courts").

Now that there is no pending opportunity to amend, the court will remand the action to the Circuit Court for Prince George's County, Maryland.

**B.   Vacatur**

Plaintiffs and Defendant make various contentions about whether the court is obligated to vacate the portion of its September 24 order dismissing Plaintiffs' complaint without prejudice.  In their motion for remand, Plaintiffs argue that vacatur is required because "when a district court enters a merit judgment without jurisdiction, the proper appellate remedy is to vacate and remand with instructions to remand under § 1447(c)." (ECF No. 23, at 3).  Defendant opposes vacatur, questioning the relevance of an appellate remedy and noting that "Plaintiffs have not cited any case or rule addressing or explaining why this Court should vacate its own order in this case."  (ECF No. 24, at 3). Plaintiffs in their reply then retreat from their original position, positing that "vacatur is not required under 28 U.S.C. § 1447(c), but it remains within the Court's discretion to ensure a clear and accurate docket."[1]  (ECF No. 25, at 3).

---

[1] Plaintiffs cite a case in their reply, *Kissinger v. Lofgren*, No. 18-cv-00617, 2019 WL 2024828 (D.Colo. May 8, 2019), that appears not to exist.  The case caption refers to a 1988 negligence decision in the First Circuit. *Kissinger v. Lofgren*, 836 F.2d 678 (1st Cir. 1988).  The Westlaw database identifier directs to a Third Circuit sentencing decision. *United States v. Livingston*, 771 Fed.App'x 516 (3d Cir. 2019).  The docket number could refer

5

Vacatur of the court's dismissal order is warranted.  The Supreme Court has observed that "the literal words of § 1447(c) . . . give . . . no discretion to dismiss rather than remand an action."  *Int'l Primate Prot. League*, 500 U.S. at 89 (quoting *M.A.I.N.*, 876 F.2d at 1054).  In the absence of such discretion, the court is duty-bound to vacate the portion of its September 24 order dismissing Plaintiffs' complaint without prejudice.

Plaintiffs state that if the court wishes to vacate its dismissal order, it is authorized to do so under Rule 54(b).  (ECF No. 25, at 3).  The court agrees.  Rule 54(b) permits the court to revise interlocutory orders.  *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).  The court's September 24 order was an interlocutory order because it afforded Plaintiffs the opportunity to move for leave to amend.  *See Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022) (en banc) ("[A]n order that dismisses a complaint with leave to amend is not a final decision because it means that the district court is not finished with the case." (citing *Jung v. K. & D. Mining Co.*, 356 U.S. 335, 336–37 (1958)).  Accordingly, pursuant to Rule 54(b), the court revises its September 24 order to vacate the dismissal without prejudice.

---

to any number of cases.  None of the cases, however, appear to have anything to do with vacating a dismissal order.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) will be granted, and Plaintiffs' motion to vacate dismissal will be granted.  A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge